*Roberts, for appellant.*

*C. M. Harwood, for appellee.*

---

W. L. WELLER & WIFE *v.* D. J. WELLER & WIFE.

**Cancellation of Instruments—Petition.**

The petition in an action to set aside a contract for the conveyance of land and sale of railroad stock, made by the husband in behalf of his infant wife, was held to state a cause of action.

**Appeal—Record—Judicial Notice.**

The Court of Appeals can not take notice of any paper which does not constitute a part of the record before it.

APPEAL FROM BULLITT CIRCUIT COURT.

March 4, 1874.

OPINION BY JUDGE PETERS:

These suits in equity were brought, the one for partition of the land owned by Dent, the father of Mrs. Elenor Weller, which descended in part to her, and for a surrender of the possession of her part, and for an account of rents, etc.; and the other for a surrender of her part of some shares of stock in the Louisville &

Nashville Railroad, or the proceeds thereof, in the hands of D. J. Weller.

The main defense relied on is that suits had been previously brought by the same plaintiffs against the same defendants for the same causes of action, and they were dismissed per agreement filed, and that order or judgment is now pleaded as a bar to the prosecution of these suits.

By a reply, which is also an amended petition and should be so treated, the agreement upon which said suits were dismissed is made an exhibit, from which it appears that W. L. Weller contracted to sell to D. J. Weller his wife's share in the land described in the pleadings, and also her share of the railroad stock which belonged to her father; and said W. L. Weller covenanted that his wife would convey said property, when she arrived at twenty-one years of age, to his vendee, she being at the date of the contract a minor, for which said D. J. Weller covenanted to pay $1,000 in designated payments. And in said amended pleading it is alleged that he had failed to make payments as he had contracted to do, and also that Mrs. Elenor Weller had refused to ratify the contract of her husband for the sale of her property, so that these suits are in effect brought by her husband and herself to set aside said contracts and to be put into possession of her property. They were by consent of the parties, as the judgment recites, consolidated and heard together, and the pleading in both suits considered as if they were but one suit.

D. J. Weller knew when he made the contract with W. L. Weller for the land and railroad stock that the title was in Mrs. Elenor Weller, and although she has arrived at full age he has never offered to execute the contract on his part, nor has he professed a willingness and readiness to do so.

The facts stated in the pleadings authorized the court below to set aside the contract between D. J. Weller and W. L. Weller. If the petition had not been incumbered and obscured by a narrative of unnecessary matter, but had contained a direct statement of the claim of the plaintiffs to the property, the manner in which they derived title, and a statement of an agreement on the part of W. L. Weller to sell the property to D. J. Weller, the disability of infancy of his wife at the time, and her unwillingness to join in the sale at her arrival at twenty-one years of age, it must be manifest that the former judgment could not have been a bar, for obvious

reasons.  And yet when the chaff is sifted from the wheat, it will be found that there is enough in the petition to entitle appellants to the relief indicated.

Wherefore the judgment is reversed and the cause is remanded for further proceedings consistent herewith.  This court can take no notice of any paper not constituting a part of the record before it, and the copy of the paper attached to the petition for a rehearing in this case should not have been there; it was, to say the least, out of place.

*R. H. Field, for appellants.*

*Lee & Rodman, Thompson, for appellees.*

*A. H. Field, for appellant.*

*R. H. Field, for appellees.*